dates of withdrawal. 26 U. S. C. § 2800 (a) (1), as amended by 54 Stat. 524, 55 Stat. 708, 56 Stat. 970, and 58 Stat. 61. No internal revenue tax was assessed on the merchandise which had been exported. It is against this re-reliquidation that the present protest has been lodged.

The protest does not question the legality of the re-reliquidation, which took place more than a year after the reliquidation, at which time all of the merchandise had been exported or withdrawn from warehouse for consumption. The plaintiff claims only that duty should have been assessed on the same quantity as that on which internal revenue tax was assessed. The Government has submitted a notice stating that it does not desire to file a brief.

On the record before us, and confining the decision to the issues presented, we hold that duty should have been assessed only on the quantity of merchandise subject to internal revenue tax. Public Law 612 (62 Stat. 344); *Austin, Nichols & Co.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155.

The protest is sustained and judgment will be rendered directing the collector to reliquidate the entry and make refund of all duty taken upon any quantity of merchandise in excess of the quantity withdrawn from warehouse for consumption.

BEFORE THE FIRST DIVISION, APRIL 4, 1957

**No. 60601.**—Tuck High & Co. v. United States, protest 275499–K (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of fish similar in all material respects to that the subject of Abstract 60311, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, APRIL 4, 1957

**No. 60602.**—Sintered Carbide Corp. and Airport Clearance Service et al. v. United States, protests 253678–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as the tungsten carbide bars the subject of Abstract 58268, the claim of the plaintiffs was sustained.

**No. 60603.**—Sintered Carbide Corp. and Airport Clearance Service et al. v. United States, protests 255164–K, etc. (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise is the same in all material respects as the tungsten carbide bars the subject of Abstract 58268, the claim of the plaintiffs was sustained.

**No. 60604.**—International Expediters, Inc. *v.* United States, protest 144950–K/ 1953 (Chicago).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of meat-slicing machines similar in all material respects to those the subject of *Davies Turner & Company* v. *United States* (33 Cust. Ct. 278, C. D. 1665), the claim of the plaintiff was sustained.

**No. 60605.**—Durst Mfg. Co., Inc., et al. *v.* United States, protests 229222–K, etc. (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of ball cock assemblies, which are constituent and integral parts of toilet-box assemblies, the same in all material respects as those the subject of *The Durst Mfg. Co., Inc.* v. *United States* (36 Cust. Ct. 220, C. D. 1778), the claim of the plaintiffs was sustained.   Protest 251653–K, insofar as it relates to entry 770813, having been abandoned, was dismissed.

BEFORE THE THIRD DIVISION, APRIL 4, 1957

**No. 60606.**—Gehrig, Hoban & Co., Inc. *v.* United States, protest 275343–K (New York).

Opinion by JOHNSON, J.   At the trial it was stipulated that the issue herein is similar in all material respects to that involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the merchandise, consisting of nine fishing reels missing from case No. 105, was not in fact imported.   In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon the said nine fishing reels missing from case No. 105.   The protest was sustained to this extent.